(C.D. 2766)

FLEMING JOFFE, LTD. *v.* UNITED STATES

United States Customs Court, First Division

(Decided September 13, 1966)

*Brooks & Brooks* for the plaintiff.
*John W. Douglas,* Assistant Attorney General, for the defendant.

Before OLIVER, NICHOLS, and WATSON, Judges

NICHOLS, Judge: These cases, involving reptile leather imported from Brazil, have been submitted on the following stipulation of counsel for the respective parties:

IT IS HEREBY STIPULATED AND AGREED by and between counsel for the plaintiff and the Assistant Attorney General for the United States, subject to the approval of the Court.

That certain of the leather, covered by the protests enumerated in the schedule attached hereto and made a part hereof, was assessed for duty at the rate of 15 per centum ad valorem under the provisions of paragraph 1530 of the Tariff Act of 1930, as modified by T.D. 51802, because certificates of use were not filed at the time of liquidation to establish that certain of the said leather was used in the manufacture of boots, shoes or other footwear and therefore should be dutiable under the pertinent and controlling provisions of paragraph 1530, as amended by T.D. 51802.

That the necessary affidavits as required under the Customs Regulations of 1943 of the Tariff Act of 1930, Sec. 10.84 and Sec. 10.112 have been duly complied with in all respects and that affidavits have been filed with the Collector of Customs, as required, establishing that in connection with entry 605338, the subject of protest 65/11091, that 2,472.50 feet of leather embraced in said entry were in fact used in the manufacture of boots, shoes or other footwear and are covered by the affidavits duly filed with the Collector of Customs.

That with respect to entry 604959, the subject of protest 65/11093, that 6,144.00 feet of leather embraced in said entry were in fact used in the manufacture of boots, shoes or other footwear and are covered by the affidavits duly filed with the Collector of Customs.

That with respect to entry 605922, the subject of protest 65/11603, that 2,890.25 feet of leather embraced in said entry were in fact used in the manufacture of boots, shoes or other footwear and are covered by the affidavits duly filed with the Collector of Customs.

That with respect to entry 602636, the subject of protest 65/17213, that 2,881.35 feet of leather embraced in said entry were in fact used

in the manufacture of boots, shoes or other footwear and are covered by the affidavits duly filed with the Collector of Customs.

The claims in the protests are limited to the quantities of leather covered by the aforesaid affidavits.

That the protests herein are hereby submitted.

In view of this stipulation, which is accepted as an agreed statement of fact, we hold that—

1. 2,472.50 feet of leather covered by Entry No. 605338, the subject of Protest No. 65/11091,

2. 6,144.00 feet of leather covered by Entry No. 604959, the subject of Protest No. 65/11093,

3. 2,890.25 feet of leather covered by Entry No. 605922, the subject of Protest No. 65/11603, and

4. 2,881.35 feet of leather covered by Entry No. 602636, the subject of Protest No. 65/17213,

are properly dutiable at 10 per centum ad valorem under paragraph 1530(c) of the Tariff Act of 1930, as modified by the General Agreement on Tariffs and Trade, T.D. 51802, as reptile leather imported to be used in the manufacture of boots, shoes, or other footwear.

To that extent the protests are sustained. As to all other merchandise, they are overruled. Judgment will be rendered accordingly.